UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VALERIE MESCIA DONNELLY,

    Plaintiff,

v.                                  Case No: 6:18-cv-525-Orl-41TBS

MARGARET W. HUDSON,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion to Proceed without Prepaying Fees and Costs (Doc. 2). On review, it does not appear that the Court has jurisdiction over Plaintiff's claim.

### I. Background

The pro se Plaintiff, alleged to be a citizen of South Carolina, brings this action against Defendant, a Florida citizen, under "42 USC 1983 Civil Action for Deprivation of Rights, Declaratory Decree was Violated for Failing to Pay Inheritance from Estate Property Sale in NY for $102,500.00." (Doc. 1 at 3). According to the allegations, Plaintiff was an heir in her late Mother's Florida estate, "Docket No. 2010-11899-PRDL." (Doc. 1 at 4). It appears that Defendant was (or is) the administrator of that estate and Plaintiff alleges that Defendant "failed to compensate heir" and "heir did not receive her willed share" of one fourth of the New York property. (Id.). Plaintiff asserts that she and her power of attorney filed several "petitions to compensate" the remaining balance of $102,500.00 to her as heir and Defendant "compensated all other heirs but the Plaintiff." (Id.). She seeks monetary damages of the unpaid inheritance in this suit.

## II. Discussion

Federal courts may allow an individual to proceed in forma pauperis if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed in forma pauperis, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general–when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. Because Rule 8(a)(2) requires the plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), Plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the court must accept all well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca

Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). Yet pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds* as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question ("a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. See 28 U.S.C. § 1331 and § 1332; Alexander v. Sandoval, 532 U.S. 275, 293 n.8 (2001). Plaintiff's complaint does not meet this standard.

If Plaintiff is seeking to prosecute a federal question claim under 42 U.S.C. § 1983, she has not pled facts to show that this claim is cognizable here. "To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (internal citations omitted). Plaintiff does not allege what federal right she was deprived of, nor is there an allegation that Defendant is a state actor or that the actions Plaintiff complains of are the actions of the state. As pled, no federal question is presented nor is one plausible on the facts alleged.

To the extent Plaintiff is trying to contest a ruling or final judgment rendered in the state probate case, the Rooker-Feldman doctrine provides that the district courts lack jurisdiction to act as appellate courts and are precluded from reviewing final state court decisions. Green v. Jefferson Cnty. Com'n, 563 F.3d 1243, 1249 (11th Cir. 2009); see also Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed. 2d 454 (2005).

Although Plaintiff has adequately alleged diversity of citizenship and the amount in controversy appears to be met, "[d]iversity jurisdiction under 28 U.S.C. § 1332 is subject to a judicially created exemption for domestic relations and probate cases." Rash v. Rash, 173 F.3d 1376, 1380 (11th Cir. 1999). The probate exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 547 U.S. 293, 311-12, 126 S. Ct. 1735, 164 L. Ed 2d 480 (2006) (noting that the exception "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction."). While not all matters which may be related in some way to probate proceedings are barred and this exception is narrowly construed in this circuit,[1] valuation of estate assets or an actual transfer of property under probate are precluded by the probate exception. Michigan Tech Fund v. Century Nat. Bank of Broward, 680 F.2d 736, 741 (11th Cir. 1982). From the allegations pled here, Plaintiff is seeking to enforce her claim made in the probate proceedings for the proceeds of the sale of a res that is part of the estate. If that is, in fact, the case, this litigation falls within this exception and the Court is without jurisdiction over the dispute.

If my interpretation of the complaint is correct, there is no viable claim properly before this Court. While the Court usually allows amendment of a defective complaint, the lack of subject matter jurisdiction over this dispute is not susceptible to cure by amendment. I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT**

---

[1] See Glickstein v. Sun Bank/Miami, N.A., 922 F.2d 666, 673 (11th Cir. 1991) *abrogated on other grounds by* Saxton v. ACF Indus., Inc., 254 F.3d 959 (11th Cir. 2001) ("This circuit has narrowly construed the probate exception.").

**PREJUDICE** for lack of jurisdiction,[2] and that Plaintiff's Motion to proceed in forma pauperis be **DENIED AS MOOT**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 9, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties

---

[2] Dismissals for lack of subject matter jurisdiction are without prejudice. Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc., 524 F.3d 1229 (11th Cir. 2008).